DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

TAMICA FRASER,

                              Plaintiff,                    2005-CV-0129

        v.

KMART CORPORATION,

                              Defendants.

TO:   Natalie Nelson Tang How, Esq.
      Lee J. Rohn, Esq.
      Sharmaine Davis-Braithwaite, Esq.


        ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL

        THIS MATTER came before the Court upon Plaintiff's Motion to Compel Responses

to Discovery From Defendant (Docket No. 48) and Plaintiff's Motion to Compel Defendant

to Provide Complete Supplemental Responses to Interrogatories (Docket No. 75).

        Plaintiff's Motion to Compel Responses to Discovery From Defendant (Docket No.

48) concerns seven (7) specific interrogatories, namely, Interrogatory Nos. 6, 12, 15, 17, 20,

21, and 24.  The Court will address each interrogatory *ad seriatim*.

Interrogatory No. 6: The interrogatory specifically requests information regarding

Plaintiff's termination.  Defendant responded that Plaintiff voluntarily resigned her

position.  Defendant has responded adequately, and no further response is required.

*Fraser v. Kmart Corporation*
2005-CV-0129
Order Regarding Plaintiff's Motions to Compel
Page 2

Interrogatory No. 12: The interrogatory specifically requests information regarding instances of sexual harassment or retaliation against Plaintiff by Anthony Niles. Defendant responded that it knows of no such instances. While Plaintiff attempts to use Fed. R. Civ. P. 26(g) to force Defendant to conduct an investigation to find information of which it claims no knowledge, Rule 26(g) does not require such an undertaking. Only when a responding party "lacks necessary information to make a full, fair and a specific answer to an interrogatory" will it be required to "set forth in detail the efforts made to obtain the information." *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) (citing *International Fertilizer & Chemical Corp. v. Brasileiro*, 21 F.R.D. 193 (S.D.N.Y. 1957)). Obviously, Defendant cannot be made to disclose information which it does not have. Defendant has given a "full, fair and a specific answer" to the interrogatory. Thus, Defendant has responded adequately, and no further response is required.

Interrogatory No. 15: This interrogatory is identical to Interrogatory No. 15, except it identifies other persons who allegedly sexually harassed or retaliated against Plaintiff. Defendant originally responded that it knew of no such instances. Thereafter, Defendant supplemented its response, and claims that the dispute has been resolved. The Court finds that no further supplementation is required.

*Fraser v. Kmart Corporation*
2005-CV-0129
Order Regarding Plaintiff's Motions to Compel
Page 3

<u>Interrogatory No. 17</u>: The interrogatory requests information regarding the basis for Plaintiff "being assigned to work the floor."  Defendant objected that the phrase "work the floor" was vague, but continued that Plaintiff was not given special assignments other than her regular assigned duties associated with her position of Unit Pricing Manager.  The Court finds that Defendant has responded adequately and that no further response is required.

<u>Interrogatory No. 20</u>: The interrogatory requests Defendant's policies, procedures, etc. regarding sexual harassment and/or retaliation and how it communicated such to certain named individuals.  Defendant objected that the request was overly broad, but did respond that its employees are instructed and trained in identifying and investigating sexual harassment and other types of discrimination.  The Court will instruct Defendant to identify specific company policies, procedures, etc., if they exist and whether such documents/information were given to the identified individuals or otherwise state that such formal policies do not exist.

<u>Interrogatory No. 21</u>: The interrogatory seeks information regarding Defendant's monitoring of certain named employees and the identity of each person involved.  Plaintiff contends that Defendant failed to identify each person involved or who participated in the monitoring or decision not to monitor.  Defendant does not specifically object to such

*Fraser v. Kmart Corporation*
2005-CV-0129
Order Regarding Plaintiff's Motions to Compel
Page 4

identification.  Consequently, the Court will order Defendant to supplement its response with the identity of any person(s) involved in such decision.

Interrogatory No. 24: The interrogatory requests information relation to any matter, etc. involving allegations of sexual harassment against Defendant and/or certain named employees were named or identified.  Defendant responded that it only knew of one other case involving a different Plaintiff filed against Defendant.  As with Interrogatory No. 12, Plaintiff contends that Defendant is required to make a "reasonable inquiry."  The Court finds that Defendant's response is adequate.  Fed. R. Civ. P. 26(g) states that the "signature of the attorney or party constitutes *a certification that* to the signer's knowledge, information, and belief, formed after a reasonable inquiry, *the disclosure is complete and correct as of the time it is made*."  The Court finds that Defendant's response that it "knows of no other matters" and its certification that such response was complete and correct at the time it was made are sufficient.

Plaintiff's Motion to Compel Defendant to Provide Complete Supplemental Responses to Interrogatories (Docket No. 75) concerns Defendant's supplemental responses to four (4) interrogatories, specifically Interrogatory Nos. 1, 7, 9, and 10.  The Court will address each interrogatory *ad seriatim*.

*Fraser v. Kmart Corporation*
2005-CV-0129
Order Regarding Plaintiff's Motions to Compel
Page 5

<u>Interrogatory No. 1</u>: Plaintiff claims that Defendant "failed to indicate what reasonable inquiry was conducted."   In fact, Plaintiff specifically requests the Court to "order defendant to further supplement its response to Interrogatory No. 1 to indicate Defendant's reasonable inquiry.  However, Fed. R. Civ. P. 26(g) does not require the respondent to provide such details.  Rule 26(g), as cited by the Court herein, merely states that by signing the responses, the respondent *certifies* that the answers, "after reasonable inquiry" are "complete and correct as of the time it is made."  While the language of the Rule implicitly directs the respondent to make such inquiry, the Rule does not require the respondent to include the details of such inquiry within the answers.  Based upon the Court's reading and application of the Rule, the Court will deny Plaintiff's request.

<u>Interrogatory No. 7</u>: Plaintiff claims that "Defendant failed to include complaints Plaintiff made to Niles as to discrimination."  However, the Interrogatory is devoid of a request for complaints of *discrimination*.   The Interrogatory states, " Set forth . . . regarding unionization, sexualy behavior, and/or plaintiff allegedly being sexually harassed, verbally abuse, physically abused, threatened, confronted, or retaliated against . . . ."  Plaintiff also claims that Defendant "failed to answer as to any form of communication made regarding unionization."  Defendant responded that Plaintiff complained of sexual harassment and a hostile work environment.  In addition, Defendant counters that Plaintiff made no

*Fraser v. Kmart Corporation*
2005-CV-0129
Order Regarding Plaintiff's Motions to Compel
Page 6

complaints about discrimination. The Court finds that the request for information regarding unionization is irrelevant, inasmuch as unionization is not at issue, nor has it ever been put into issue by Plaintiff. Based upon the foregoing, the Court finds Defendant has responded adequately and no further supplementation is required.

Interrogatory No. 9: The Court finds, based upon Defendant's contention that it had "no complaints about any allegedly harassing conduct by Anthony Niles 'pre-EEOC' filings and its response to Interrogatory No. 11 the sufficiency of which Plaintiff has not complained, that Defendant has response adequately and no further supplementation is required.

Interrogatory No. 10: The Court finds, based upon Defendant's contention that it had "no complaints about any allegedly harassing conduct by Anthony Niles 'pre-EEOC' filings and its response to Interrogatory No. 11 the sufficiency of which Plaintiff has not complained, that Defendant has response adequately and no further supplementation is required.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Compel (Docket No. 48) is **GRANTED IN PART AND DENIED IN PART**.

*Fraser v. Kmart Corporation*
2005-CV-0129
Order Regarding Plaintiff's Motions to Compel
Page 7

2.      In accordance with the Court's findings hereinabove, Defendant shall
supplement its responses to Interrogatory Nos. 20 and 21.

3.      Plaintiff's Motion to Compel Defendant to Provide Complete Supplemental
Responses to Interrogatories (Docket No. 75) is **DENIED**.

ENTER:


Dated: August 6, 2007                    _____/s/_____
                                         GEORGE W. CANNON, JR.
                                         U.S. MAGISTRATE JUDGE